UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BERNARD JOSEPH (#126111)

VERSUS                                          CIVIL ACTION

DAVID ANKENBRAND, ET AL                         NUMBER 14-78-BAJ-SCR

### RULING ON MOTION FOR EXPERT ASSISTANCE

Before the court is the plaintiff's third Motion for Expert Assistance. Record document number 65.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against David Ankenbrand, Col. Jimmy Smith and Warden Robert Butler. Plaintiff alleged that he was issued a mental health heat precaution duty status and a mental health T-code status. Plaintiff alleged that on June 5, 2013, he was assigned to a booth tier at Camp J. Plaintiff alleged that defendant Ankenbrand failed to immediately assign a tier worker after learning about the plaintiff's T-code status. Plaintiff alleged that although he was exposed to excessively high temperatures the defendants failed to move him to another location in violation of his Eighth Amendment rights.

This is the plaintiff's third motion for appointment of an expert. In this motion the plaintiff seeks appointment of a neutral third-party expert to collect temperature and humidity data and then calculate the heat index inside cell #2, Gator Unit, 3-

left boot tier for 21 days.

Plaintiff's first motion, filed June 11, 2014, was denied on June 13, 2014.[1] The second motion, filed June 18, 29014, was denied the next day.[2] This third motion contains no facts or arguments which are materially different from those in the two previous motions. For the reasons stated in the first Ruling on Motion for Expert Assistance,[3] the plaintiff's third motion also lacks merit.

Furthermore, funds for the appointment of an expert under Rule 706, Fed.R.Evid., must come from the parties. Rule 706(c)(2). It is apparent that the plaintiff does not have funds to pay an expert appointed by the court. And considering the status of the *Ball* case,[4] ordering the defendants to bear the full cost of any expert at this time is clearly not warranted.

Accordingly, the plaintiff's second Motion for Expert Assistance is denied.

Baton Rouge, Louisiana, June 23, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Record document number 48, motion; record document number 50, ruling.

[2] Record document number 57, motion; record document number 59, ruling.

[3] Record document number 50.

[4] *Ball v. LeBlanc*, CV 13-0368-BAJ-SCR. Further proceedings in the case were stayed by the Fifth Circuit Court of Appeals.